Gaston, Judge.
The case made up by the Judge, who tried this cause, states that two questions arose upon the tried — one as to the boundaries of the deed under which the plaintiff claimed the land where the alleged trespass was committed, and the other whether the action, was barred by the statute of limitations. Upon the first question, there has been no disphte here. The defendant’s counsel admits, and very properly, that the Judge's instruction upon that point was correct. On the second question — if it can be regarded as one confined to the operation of the statute of limitations —this court would hold with the court below that the defendant was not protected by that statute. But the difficulty is, whether the case does not show that another question was necessarily presented, though not in express terms stated for the decision of that court, and whether the decision thereon was not erroneous. After setting forth the instructions upon the question of boundary the case states that the land whereon the trespass was alleged to have been committed is also within the boundaries of the grant to Snow — that Snow held the possession thereof for five or six years before he conveyed to the defendant — that after the conveyance the defendant entered in upon Snow’s tenant — and that the defendant remained in possession continually thereafter until the institution-of the action. It states also that after the defendant thus entered, he was about to remove a. fence which had been put thereon by Snow’s tenant, when he was forbidden by the plaintiff; and this removal was the trespass complained of. Upon these facts a controversy arose, as the case states, upon the statute of limitations, when his Honor charged the jury that although *168 more than three years had elapsed from the time of the trespass committed by Snow, yet if he moved off and the defendant thereupon entered and removed the rails, inasmuch as the plaintiff had been living within the limits of his tract, “ he would be considered as holding to his true boundary, and therefore might sustain his action.” Upon this statement and upon this instruction we are compelled to see that the question of law really presented for consideration was whether the plaintiff could be regarded as having such a possession of the locus in quo at the time of the removal of the rails by the defendant, that this act amounted to a trespass. If he had, the action could be sustained, because the trespass was within three years before the institution of the suit. If he had not, the plaintiff could not recover, not indeed because of the statute of limitations —for the defendant was not sued for the act of a former possessor — but because the removal of the rails complained of was not a trespass.
Upon this question of law the instruction was erroneous. Admit that the locus in quo was within the true boundary of the plaintiff’s tract — and that the plaintiff was in possession within the limits of his tract — yet before the alleged trespass was committed and continually thereafter, the defendant had the actual adverse’possession of this particular part. Now the position that where a man is residing on a tract, his possession extends to the boundaries of that tract, must be understood with the exception of such parts thereof as are in the actual adverse possession of another. The possession of a part is a possession of the whole only so long as no other is in the actual possession of any part. As soon as another takes possession of any part, either with or without title, the for-, mer possessor loses the possession of that part. Graham v. Houston, 4 Dev. 232. Without a possession actual or constructive in the plaintiff, trespass could not be committed upon him, for trespass is an injury to the possession.
It must not be understood from our noticing this objection that we allow questions of law to be raised here— except such as, appear on the record, strictly so called— which were not before the court from which the appeal was taken. Our rule is to regard, as nearly as we can, the case *169 made by the Judge in the light of a bill of exceptions for specified errors. The presumption is that whatever is not complained of was rightfully done. But we cannot presume against what appears. If by any reasonable intendment we could suppose facts shown, which notwithstanding those admitted constituted the defendant’s act a trespass — • inasmuch as the opinion of the Judge upon that point was not directly called for — we might hold it our duty to make the intendment. But if we cannot — and we do not see how we can — then the jury was misdirected upon a question of law presented by the pleadings and the evidence upon a matter material to the issues which they had to try. The consequence of the mistake — though perhaps it would not have occurred had that question been more distinctly propounded — has been a verdict and judgment against law. This is an error which when shown to us we are bound to correct.
The judgment of the Superior' Court is to be reversed and a new trial awarded.
Per Curiam. Judgment reversed.